Jerry J. Moberg (WSBA 5282)
JERRY J. MOBERG & ASSOCIATES
451 Diamond Drive
Ephrata, WA 98823
Tel.: (509) 754-2356
jmoberg@canfieldsolutions.com
Attorney for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON DOYLE,<br><br>      Plaintiff,<br><br>v.<br><br>WILLIAM GONZALES; DAN W. DOPPS; SCOTT D. JONES; AND THE CITY OF QUINCY, WASHINGTON,<br><br>      Defendants. | NO. 2:11-MC-00066-GEB-GGH<br><br>Eastern Washington District No.<br>NO. CV-10-0030-EFS<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS MOTION TO STRIKE PORTIONS OF DECLARATION OF GARTH DANO**<br><br>**Hearing Date: August 25, 2011**<br>**Time:    10:00 A.M.**<br>**Dept. :    Courtroom 9**<br>**Judge:   Gregory G. Hollows** |

### *INTRODUCTION*

Comes now the Defendants and provides this Memorandum for the Court in support of their Motion to Strike Portions of the Declaration of Garth Dano. The declaration is replete with hearsay, argument and other incompetent evidence, and the court should strike the offending portions of these declarations as set forth in this memorandum. Mr. Dano is well aware of the requirements of a declaration since Judge Shea, in the Eastern District of Washington case sanctioned him $2,000 for filing a similarly incompetent declaration in that action.

\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

| | |
|---|---|
| MEMORANDUM IN SUPPORT OF CITY OF QUINCY MOTION TO STRIKE PORTIONS OF DECLARATION OF GARTH DANO<br>Page -- 1 | **JERRY J. MOBERG & ASSOCIATES**<br>**Attorneys At Law**<br>451 Diamond Drive<br>Ephrata, WA 98823<br>(509) 754-2356 / Fax (509) 754-4202 |

### ***PORTIONS OF DECLARATIONS TO BE STRICKEN***

*Garth Dano's Declaration (*ECF Doc. 23)

Garth Dano's declaration contains the following objectionable references. (The paragraph number corresponds to the paragraph in Mr. Dano's declaration.)

> 6.  *In this letter, Quincy investigator John Young advises Chief Gonzales, before Gonzales hired Doyle, that Doyle had previously been terminated from his employment in Sierra County California.*

The letter speaks for itself; Mr. Dano's argument about what the letter says is not proper in a declaration and should be restricted to the brief. [1]

> 7.  *This document shows that Mr. Fisher advised John Young that Aaron Doyle was "terminated" from his employment and currently on a one-year suspension (with the Sierra County Sheriff's Office).*

This is improper argument and should be stricken.

> 8.  *This declaration impeaches sworn testimony of investigator John Young and attorney Jerry Moberg. Specifically, John Young, in his deposition . . . testified that he had never discussed with John Dazell the pre-employment polygraph examination John Dazell conducted on Aaron Doyle. Mr. Dazell, at paragraph 5 of his declaration, details his conversations with Mr. Young which impeaches Mr. Young's prior deposition testimony. Mr. Dazell's declaration . . . impeaches the sworn testimony of Jerry Moberg in his filed declaration to the Sierra County Superior Court on January 25, 2011. More specifically, Mr. Dazell indicates in his declaration that he had never spoken to Mr. Jerry Moberg. However, Mr. Moberg represented to the Sierra County Court that "the polygraph technician (John Dazell) has indicated to me that the information Doyle provided them . . . was far different than the actual facts regarding Doyle's employment and termination in Sierra County".*

First of all, Mr. Dano misquotes the statement in the declaration in an attempt to make it appear to this court that the statement involved only the contact with the polygraph technician. What the declaration actually said was " *Both the background investigator and* the polygraph

---

[1] Mr. Dano is not admitted in this case and cannot file a brief or argue the matter. He should not be allowed to make argument under the guise of a declaration.
\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

MEMORANDUM IN SUPPORT OF CITY
OF QUINCY MOTION TO STRIKE PORTIONS
OF DECLARATION OF GARTH DANO
Page -- 2

**JERRY J. MOBERG & ASSOCIATES**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

*technician have indicated to me that the information Doyle provided them was far different than the actual facts regarding Doyle's employment and termination in Sierra County."* [2] This is simply argument and should be stricken.

  9. *Included within paragraph 8 of Mr. Moberg's Declaration, is the following statement to the Sierra County Court under penalty of perjury . . . [statement omitted]. . . . . Nowhere in this transcript, consisting of twenty-nine (29) pages, does Judge Shea make the above quoted statement or ruling, which Mr. Moberg attributes to Judge Shea, to the Sierra County Court.*

This is argumentative and takes a single statement out of a declaration completely out of context. The court should strike the argument.[3]

  10. *. . . regarding the issue of when the City of Quincy knew or should have known or received information from records which were stolen from Doyle and provided to Quincy Police Chief William Gonzales and Quincy Attorney Allan Galbraith in May, 2009. Mr. Galbraith's declaration, . . .*[Mr. Dano's declaration goes on to argue what the declaration says and what Mr. Galbraith's billing records might prove]

Other than the first two lines of the first sentence this paragraph is simply Mr. Dano's argument about what he believes the evidence shows and is simply argument that has no place in a factual declaration. The entire paragraph should be stricken.

  11. *The City of Quincy did a thorough background investigation on Aaron Doyle before they hired him on August 1, 2007. The background investigation included . . . after acquired evidence.* [The entire paragraph is not set out here but is objected to by defendants]

The paragraph is hearsay, argumentative, assumes facts not in evidence, and is speculative. It should be stricken and disregarded by the court.

---

[2] It is also misleading. Jerry Moberg advised Mr. Dano that he had direct contact with the background investigator (John Young) but that the contact with the polygraph examiner (John Dazell) was actually with Mr. Patrick Moberg, an associate in the office, and not directly to Jerry Moberg. Mr. Jerry Moberg apologized to Mr. Dano for any confusion.

[3] In addition, it is difficult to understand what relevance this has to the motion to quash.

\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

MEMORANDUM IN SUPPORT OF CITY
OF QUINCY MOTION TO STRIKE PORTIONS
OF DECLARATION OF GARTH DANO
Page -- 3

**JERRY J. MOBERG & ASSOCIATES**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

Paragraphs 12 – 15 are simply Mr. Dano's argument about what he thinks the evidence is in this case and do not contain competent statements of fact. These paragraphs are predominantly hearsay, argument and speculation. They have no place in a factual declaration and should be stricken.

## *ARGUMENT*

Disturbingly, Mr. Dano's declaration in this case is very similar to declarations he filed in the Washington case that resulted in the court striking most of his declaration and imposing sanctions of $2,000. Case CV-10-0030-EFS (ECF Doc. 344 pages 5-8)(A copy of the Court's order is attached.)[4] Despite Judge Shea's ruling in that case, Mr. Dano continues to file declarations that are merely arguments of his view of the evidence. Under the personal knowledge standard for FRE 602, an affidavit is *inadmissible* if "the witness could not have actually perceived or observed that which he testifies to." *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc'y, Inc.,* 681 F.2d 930, 932 (4th Cir.1982). Similar requirements are expressed in detail within Rule 56(e). The courts require declarations submitting evidence in support of summary judgment to be:

> (1) be made on the personal knowledge of an affiant who is competent to testify to the matter stated therein,
> (2) must state facts that would be admissible in evidence, and
> (3) if the affidavit refers to any document or item, a sworn or certified copy of that document or item must be attached to the affidavit.

*Boyd v. City of Oakland,* 458 F.Supp.2d 1015, 1023 (N.D. Cal. 2006) (citing, *inter alia,* Fed.R.Civ.P. 56(e); and *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002)); *Ayers v.*

---

[4] Admittedly, the court struck portions of both Mr. Dano's declaration and his partner Mr. Gilbert's declaration because they contained inadmissible and incompetent statements that were mostly arguments.
\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

MEMORANDUM IN SUPPORT OF CITY
OF QUINCY MOTION TO STRIKE PORTIONS
OF DECLARATION OF GARTH DANO
Page -- 4

**JERRY J. MOBERG & ASSOCIATES**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

*Richards*, 2010 WL 4366069, *2 (W.D. Wash. 2010). "This rule applies to declarations as well as affidavits." *Orr*, 285 F.3d at 774. (citations omitted).

Additionally, "[a] declarant must show personal knowledge and competency to testify [as to] the facts stated." *Id.* (citing *Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412 (9th Cir.1995)). In other words, "[t]he matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay." *Id.* (citation omitted). Moreover, "[a] declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient." *Id.* (citing *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999 (9th Cir.1990)). Rather, in accordance with Rule 56(e), a declarant must show personal knowledge and competency "'affirmatively,' ..., for example, by the nature of the declarant's position and nature of participation in [the] matter." *Id.* (internal quotation marks and citation omitted).

*Evidentiary Requirements apply to an Attorney's Affidavit*

An attorney's affidavit is treated like all other affidavits pursuant to Rule 56(e) and is not sufficient unless it is based on personal knowledge. *Postscript Enterprises v. City of Bridgeton,* 905 F.2d 223, 225 (8th Cir.1990). Under most circumstances, an attorney has no personal knowledge of and is not competent to testify to the authenticity of documents generated before the litigation began. In other words, an attorney cannot acquire personal knowledge based on hearsay from his client. *Estremera v. U.S.*, 442 F.3d 580, 584 -585 (7th Cir. 2006) (Court determined "second-hand knowledge" in attorneys' affidavit acquired by reviewing documents and interviewing witnesses who had personal knowledge was not competent evidence because it was not based on personal knowledge). *See U.S. v. Dibble*, 429 F.2d 598, 602 (C.A.Cal. 1970) (testimony that an affiant works with or for someone who has personal knowledge of the

\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

MEMORANDUM IN SUPPORT OF CITY
OF QUINCY MOTION TO STRIKE PORTIONS
OF DECLARATION OF GARTH DANO
Page -- 5

**JERRY J. MOBERG & ASSOCIATES**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

authenticity of a document does not establish the affiant also has the requisite personal knowledge to authenticate it).

Claiming what an attorney believes a witness will say is also incompetent evidence. *Clark v. County of Tulare*, WL 4791683, 4-5 (E.D.Cal.,2010) ("The Court finds that an attorney's declaration must be made upon personal knowledge. To hold otherwise would ignore the evidentiary rules of hearsay. Accepting plaintiff's argument, an attorney would be able to testify in any case as to what the attorney anticipated another person would say.")  If an attorney submits a declaration as evidence it "must be made upon personal knowledge and set[] forth fact[s] that would admissible in evidence if the attorney were testifying at trial. *Clark v. County of Tulare*, 2010 WL 4791683, 4 (E.D.Cal.,2010).  In *Clark* the court determined that the attorney's declaration based upon anticipated testimony from witness was invalid evidence violating FRE 801:

> Here, [the attorney's] declaration states the 'anticipated testimony' from numerous witnesses. He states what each witness is expected to testify to at trial. This declaration is not made upon his personal knowledge. The substance of his declaration is classic hearsay. See Fed.R.Evid. 801(c). [The attorney] bases his knowledge upon an investigation conducted by his office and upon what he was told as to the anticipated testimony for each witness. An attorney is not competent to testify as to what another individual is expected to say under oath.

*Id*.  Moreover, generally an attorney should not act a witness.  *Estremera*, 442 F.3d at 585 ("'[w]here evidence is easily available from other sources and absent "extraordinary circumstances" or "compelling reasons," an attorney who participates in the case' should not serve as a witness."  (quoting *United States v. Dack,* 747 F.2d 1172, 1176 n. 5 (7th Cir.1984)). Mr. Dano's declaration violates the very fundamentals of admissible evidence and should be stricken.

\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

MEMORANDUM IN SUPPORT OF CITY
OF QUINCY MOTION TO STRIKE PORTIONS
OF DECLARATION OF GARTH DANO
Page -- 6

**JERRY J. MOBERG & ASSOCIATES**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

RESPECTFULLY SUBMITTED this 23rd day of August, 2011.

JERRY J. MOBERG & ASSOCIATES

*/s/ Jerry J. Moberg*
JERRY J. MOBERG, WSBA No. 5282
jmoberg@canfieldsolutions.com
Attorney for Defendants/Respondents

\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

MEMORANDUM IN SUPPORT OF CITY
OF QUINCY MOTION TO STRIKE PORTIONS
OF DECLARATION OF GARTH DANO
Page -- 7

**JERRY J. MOBERG & ASSOCIATES**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

>Joseph Rose
>joe@joeroselaw.com

DATED this 23rd day of August, 2011 at Ephrata, Washington.

JERRY J. MOBERG & ASSOCIATES

   */s/ Jerry J. Moberg*
JERRY J. MOBERG, WSBA No. 5282
jmoberg@canfieldsolutions.com

\\Legal-main\LawData\WPWIN\Quincy\Doyle v City of Quincy (CIAW)\Pleadings - Misc\184855.docx

MEMORANDUM IN SUPPORT OF CITY
OF QUINCY MOTION TO STRIKE PORTIONS
OF DECLARATION OF GARTH DANO
Page -- 8

**JERRY J. MOBERG & ASSOCIATES**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202